IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEZEKIAH JOEL COLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-07-94-C |
| | ) |
| JUSTIN JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

This matter is before the Court on the Report and Recommendation ("R&R") entered by Magistrate Judge Bacharach on February 22, 2007. Therein, Judge Bacharach recommended dismissal of Plaintiff's Complaint for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1). Judge Bacharach noted that Plaintiff had filed an action pursuant to 42 U.S.C. § 1983 seeking restoration of good time credits and monetary damages. As Judge Bacharach correctly determined, restoration of good time credits can only be pursued in a habeas corpus action. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Additionally, Judge Bacharach correctly noted that to the extent Plaintiff seeks monetary damages for the removal of good time credits, his claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

In the R&R, Plaintiff was notified that any objection to the R&R had to be filed by March 14, 2007. Rather than file an objection, Plaintiff, within the time limit, filed a motion seeking dismissal of his action and requesting that he not be forced to pay the costs of filing the action. The Court denies Plaintiff's motion. The law on which Judge Bacharach relied in finding Plaintiff's Complaint failed to state a claim was well settled long before the Complaint was filed. Thus, with even limited research Plaintiff could have learned the proper avenue to pursue in seeking the desired relief. To allow Plaintiff to dismiss now and avoid paying the costs of the action would encourage similar lack of diligence prior to filing and encourage additional wasteful expenditure of judicial resources. Consequently, the Court denies Plaintiff's request to dismiss.

The Court adopts in full the thorough and well-reasoned R&R (Dkt. No. 12) entered by Judge Bacharach and DISMISSES this action without prejudice. Plaintiff's Motion to Dismiss Said Action (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 29th day of March, 2007.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge